JAMES A. QUADRA, State Bar No. 131084
REBECCA M. COLL, State Bar No. 184468
QUADRA & COLL, LLP
649 Mission Street, 5th Floor
San Francisco, California 94105
Telephone: (415) 426-3502
Facsimile: (415) 874-1962

MATTHEW BOBO, Pro Hac Vice Application Pending
KATY L. HART, Pro Hac Vice Application Pending
LAW OFFICE OF MATTHEW BOBO, PLLC
4916 Camp Bowie Blvd.
Fort Worth, Texas 76107
Telephone: (817) 529-0774
Facsimile: (817) 698-9401

*Attorneys for Plaintiff Dewayne Johnson*

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEWAYNE JOHNSON, | Case No. |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| ARENTZ LAW GROUP, P.C., | |
| Defendants. | |

NOW COMES, Dewayne Johnson ("Plaintiff" and/or "Dewayne Johnson") and files this Complaint and Demand for Jury Trial against Arentz Law Group, P.C. ("Defendant" and/or "Arentz"), and alleges as follows:

## I.  INTRODUCTION

1. This action arises out of Defendant Arentz's commercial misappropriation of Plaintiff Dewayne Johnson's name, likeness, photograph, and personal information to solicit clients to purchase Defendant Arentz's legal services.

2. Plaintiff Dewayne Johnson seeks actual and compensatory damages, punitive damages, attorneys' fees and costs, and other appropriate legal and equitable relief.

## II.  PARTIES

3. Plaintiff Dewayne Johnson is an individual resident of the State of California.

4. Defendant Arentz Law Group, PC is an Arizona Professional Corporation that does not maintain a registered agent in the State of California for service of process.  Arentz may therefore be served via its registered agent in Arizona, Robert Arentz, 3101 N. Central Avenue, Suite 100, Phoenix, AZ 85012.

## III.  VENUE AND JURISDICTION

5. Jurisdiction of this case is proper pursuant to 28 USC §1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. This Court has jurisdiction over Defendant Arentz Law Group because Defendant Arentz Law Group does business in this District, has sufficient minimum contacts with California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.  Venue is proper in this District pursuant to 28 USC §1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## IV. FACTS

6. Plaintiff Dewayne Johnson was the plaintiff in *Dewayne Johnson v. Monsanto Company*, Cause No. CGC-16-550128 in the Superior Court of San Francisco, California, the first Roundup® weed killer cancer lawsuit to proceed to trial, that resulted in a $289.2 million verdict against Monsanto in August of 2018.  Plaintiff Dewayne Johnson was represented by Kincheloe Litzenburg &Pendleton, PLLC in that trial.

7. After receiving that verdict, Plaintiff Dewayne Johnson discovered that Defendant Arentz Law Group was, and still is, using his name, likeness, photograph, and personal information on its website in an effort to solicit clients for their legal services, and without Plaintiff Dewayne Johnson's consent.

8. Defendant Arentz Law Group's use of Plaintiff Dewayne Johnson's name, likeness, photograph, and personal information on its website falsely represents that Plaintiff Dewayne Johnson is somehow associated with Defendant Arentz Law Group, that Defendant Arentz Law Group represented him and/or has his endorsement.

9. Plaintiff Dewayne Johnson did not authorize Defendant Arentz Law Group's use of his name, likeness, photograph, and personal information on its website. Plaintiff Dewayne Johnson was never contacted by Defendant Arentz Law Group seeking his permission to do so, nor was Plaintiff Dewayne Johnson compensated for same.

10. Defendant Arentz Law Group's misappropriation of Plaintiff Dewayne Johnson's name, likeness, photograph, and personal information on its website was, and is, intentional and purposefully designed and intended to deceive the public into believing that Defendant Arentz Law Group is associated with or helped procure the $289.2 million verdict for Plaintiff Dewayne Johnson, which, in a market where law groups are going to great lengths to sign Roundup® plaintiffs, gives Defendant Arentz Law Group a competitive edge. Upon information and belief, Defendant Arentz Law Group has profited, and will continue to profit, from its unlawful misappropriation of Plaintiff Dewayne Johnson's name, likeness, photograph, and personal information on its website to sign up new clients.

## FIRST CLAIM FOR RELIEF

### Violation of the Lanham Act, 15 U.S.C. § 1125 (a)

11. All of the foregoing paragraphs are re-alleged and incorporated herein for all purposes.

12. As set forth above, Defendant Arentz has engaged in commercial activity that is likely to cause confusion and/or mislead consumers into believing that Plaintiff has endorsed, retained, or otherwise approved of their services when, in fact, he has not.

13. Defendant Arentz's acts have, upon information and belief, misled and confused consumers, and continue to do so.

14. Such conduct amounts to a willful violation of 15 U.S.C. § 1125 (a).

15. As a result of Defendant Arentz's acts, Plaintiff has suffered, and will continue to suffer injury in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### Violation of California Civil Code § 3344 (California Statutory Right of Publicity)

16. All of the foregoing paragraphs are re-alleged and incorporated herein for all purposes.

17. California Civil Code § 3344(a) states:

> Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent, or, in the case of a minor, the prior consent of his parent or legal guardian, shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing such profits, the injured party or parties are required to present proof only of the gross revenue attributable to such use, and the person who violated this section is required to prove his or her deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs.

18. Defendant Arentz used Plaintiff Dewayne Johnson's name, likeness, photograph, and personal information knowingly and deliberately, without Plaintiff Dewayne Johnson's consent, for purposes of advertising, selling, and/or soliciting the purchase of its legal services.

19. Plaintiff Dewayne Johnson has suffered actual damages as a result of Defendant Arentz's knowing and deliberate use of his name, likeness, photograph, and personal information in advertising, selling, and/or soliciting the purchase of its legal services.

20. Defendant Arentz engaged in outrageous conduct, carried out with willful and conscious disregard for Plaintiff Dewayne Johnson's rights, such that Plaintiff Dewayne Johnson is entitled to compensatory and punitive damages.  Plaintiff Dewayne Johnson is also entitled to attorneys' fees and costs. CAL. CIVIL CODE § 3344(a).

### THIRD CLAIM FOR RELIEF

### Misappropriation of Plaintiff's Name and Likeness (California Common Law Right of Publicity)

21. All of the foregoing paragraphs are re-alleged and incorporated herein for all purposes.

22. Defendant Arentz used Plaintiff Dewayne Johnson's identity, including his name, likeness, photograph, and personal information for commercial advantage.

23. Defendant Arentz misappropriated Plaintiff Dewayne Johnson's name, likeness photograph, and personal information to Defendant Arentz's advantage.

24. Plaintiff Dewayne Johnson did not consent to Defendant Arentz's use of his name, likeness, photograph, and personal information.

25. Plaintiff Dewayne Johnson has suffered injury as a result.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that Plaintiff be awarded a judgment against Defendant for the following:

a. A preliminary and permanent injunction requiring Defendant to refrain from using Plaintiff Dewayne Johnson's name, likeness, photograph, and/or personal information in any promotional, marketing, or advertising activities, including the removal of such information from Defendant's website.

b. Any and all actual, consequential, incidental, and exemplary damages to which Plaintiff may be entitled;

c. Pre-judgment and post-judgment interest;

d. Reasonable Attorney's fees;

e. Court costs; and

f. Such other and further relief, legal and/or equitable, as to which Plaintiff may be justly entitled.

|  |  |
|---|---|
|  | QUADRA & COLL, LLP |
| Dated: December 2, 2019 | By:   /s/ James A. Quadra<br>JAMES A. QUADRA<br>REBECCA M. COLL |
|  | *Attorneys for Plaintiff Dewayne Johnson* |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

|  |  |
|---|---|
|  | QUADRA & COLL, LLP |
| Dated: December 2, 2019 | By:   /s/ James A. Quadra<br>JAMES A. QUADRA<br>REBECCA M. COLL |
|  | *Attorneys for Plaintiff Dewayne Johnson* |